1   CHRISTINA V. KAZHE (Bar No. 192158)
    ROSE M. WECKENMANN (Bar No. 248207)          **E-Filed 6/8/09**
2   KAZHE LAW GROUP PC
    9245 Laguna Springs Drive, Ste 125
3   Elk Grove, California 95758
    Telephone:   (916) 226-2590
4   Attorneys for Plaintiffs,
    WILTON MIWOK RANCHERIA,
5   ITS MEMBERS; and DOROTHY ANDREWS

6   ROBERT A. ROSETTE (Bar No. 224437)
7   LITTLE FAWN BOLAND (Bar No. 240181)
    ROSETTE & ASSOCIATES, PC
8   565 W. Chandler Blvd., Ste. 212
    Chandler, AZ 85225
9   Telephone:   (480) 889-8990
    Attorneys for Plaintiff,
10  ME-WUK INDIAN COMMUNITY OF THE
    WILTON RANCHERIA

11
    JOHN C. CRUDEN
12  Acting Assistant Attorney General
    Environmental and Natural Resources Division
13  SARA E. COSTELLO
    Natural Resources Section
14  P.O. Box 663
    Washington, DC  20044-0663
15  Telephone:   (202) 305-0466
    CHARLES O'CONNOR (Bar No. 56320)
16  U.S. Attorney's Office
    450 Golden Gate Avenue
17  P.O. Box 36055
    San Francisco, CA  94102
18  Attorneys for Defendants
    Telephone:   (415) 436-7180
19  THE UNITED STATES DEPARTMENT OF THE
    INTERIOR, KENNETH L. SALAZAR, et al.

20

21              IN THE UNITED STATES DISTRICT COURT

22           FOR THE NORTHERN DISTRICT OF CALIFORNIA

23                     SAN JOSE DIVISION

24
    WILTON MIWOK RANCHERIA, a formerly          Case No.  C-07-02681 (JF) (PVT)
25  federally recognized Indian Tribe, ITS
    MEMBERS and DOROTHY ANDREWS,                 **STIPULATION AND [PROPOSED]
26                                               ORDER FOR ENTRY OF JUDGMENT**
27              Plaintiffs,

28          v.

KENNETH L. SALAZAR, et al.

      Defendants.

ME-WUK INDIAN COMMUNITY OF THE WILTON RANCHERIA,

      Plaintiff,

  v.

KENNETH L. SALAZAR, et al.,

      Defendants.

Case No.  C 07-05706 (JF)

 

Plaintiffs, Wilton Miwok Rancheria, its members, and Dorothy Andrews, and the Me-Wuk Indian Community of the Wilton Rancheria (collectively "Plaintiffs"), and Defendants, Kenneth L. Salazar, Secretary of the Interior, George T. Skibine, Deputy Assistant Secretary – Economic Development and Policy of the Department of Interior, the United States Department of the Interior, Kathleen Sebelius, Secretary of the Department of Health and Human Services, and the United States Department of Health and Human Services (collectively "Defendants"), by and through their respective counsel, have agreed to settle all aspects of the above-captioned cases.  The aforementioned Parties have signed a separate Stipulation for Entry of Judgment a copy of which is attached hereto as Exhibit 1.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their respective counsel, as follows:

1.  That judgment can be entered, and the Court is requested to enter Judgment in accordance with Exhibit 1.

2.  The above-captioned actions are dismissed with prejudice as to all claims and parties.

3.  Each party is to bear its own costs and attorneys' fees.

STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT - C-07-02681/C-07-05706 JF

Dated:  June 4, 2009                    Respectfully submitted,

                                        **KAZHE LAW GROUP PC**
                                        CHRISTINA V. KAZHE
                                        ROSE M. WECKENMANN


                                        By:_____/s/_____
                                             CHRISTINA V. KAZHE, Attorney for Plaintiffs,
                                             WILTON MIWOK RANCHERIA,
                                             ITS MEMBERS and DOROTHY ANDREWS

Dated: June 4, 2009                     **ROSETTE & ASSOCIATES, PC**


                                        By:_____/s/_____
                                             ROBERT A. ROSETTE, Attorney for Plaintiff,
                                             ME-WUK INDIAN COMMUNITY OF THE
                                             WILTON RANCHERIA

Dated:  June 4, 2009                    **JOHN C. CRUDEN**
                                        **Acting Assistant Attorney General**
                                        **Environment and Natural Resources Division**


                                        By:_____/s/_____
                                             SARA E. COSTELLO, Attorneys for Defendants,
                                             KENNETH L. SALAZAR, SECRETARY OF
                                             THE INTERIOR, et al.


Dated:  June 4, 2009                    **JOSEPH P. RUSSONIELLO**
                                        **United States Attorney**


                                        By:_____/s/_____
                                             CHARLES O'CONNOR, Attorneys for Defendants,
                                             KENNETH L. SALAZAR, SECRETARY OF
                                             THE INTERIOR, et al.

STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT - C-07-02681/C-07-05706 JF

**[~~PROPOSED~~] ORDER**

Pursuant to the foregoing stipulation and request,

IT IS HEREBY ORDERED:

1.  That judgment can be entered, and the Court is requested to enter Judgment in
    accordance with Exhibit 1.

2.  The above-captioned actions are dismissed with prejudice as to all claims and parties.

3.  Each party is to bear its own costs and attorneys' fees.

Dated:  June 5  , 2009



_____
JEREMY FOGEL
JUDGE, U.S. DISTRICT COURT

1

2                                    **EXHIBIT 1**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  CHRISTINA V. KAZHE (Bar No. 192158)
   ROSE M. WECKENMANN (Bar No. 248207)
2  KAZHE LAW GROUP PC
   9245 Laguna Springs Drive, Ste 125
3  Elk Grove, California 95758
   Telephone:    (916) 226-2590
4  Attorneys for Plaintiffs,
   WILTON MIWOK RANCHERIA,
5  ITS MEMBERS; and DOROTHY ANDREWS

6  ROBERT A. ROSETTE (Bar No. 224437)
   LITTLE FAWN BOLAND (Bar No. 240181)
7  ROSETTE & ASSOCIATES, PC
   565 W. Chandler Blvd., Ste. 212
8  Chandler, AZ 85225
   Telephone:    (480) 889-8990
9  Attorneys for Plaintiff,
   ME-WUK INDIAN COMMUNITY OF THE
10 WILTON RANCHERIA

11 JOHN C. CRUDEN
   Acting Assistant Attorney General
12 Environmental and Natural Resources Division
   SARA E. COSTELLO
13 Natural Resources Section
   P.O. Box 663
14 Washington, DC 20044-0663
   Telephone:    (202) 305-0466
15 CHARLES O'CONNOR (Bar No. 56320)
   U.S. Attorney's Office
16 450 Golden Gate Avenue
   P.O. Box 36055
17 San Francisco, CA 94102
   Attorneys for Defendants
18 Telephone:    (415) 436-7180
   THE UNITED STATES DEPARTMENT OF THE
19 INTERIOR, KENNETH L. SALAZAR, et al.

20

21            **IN THE UNITED STATES DISTRICT COURT**

22          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

23                    **SAN JOSE DIVISION**

24  WILTON MIWOK RANCHERIA, a formerly        Case No.  C-07-02681 (JF) (PVT)
25  federally recognized Indian Tribe, ITS
    MEMBERS and DOROTHY ANDREWS,              **STIPULATION FOR ENTRY OF**
26                                            **JUDGMENT**
                 Plaintiffs,
27
         v.
28

1  KENNETH L. SALAZAR, et al.

2          Defendants.

   ME-WUK INDIAN COMMUNITY OF THE        Case No.  C 07-05706 (JF)
3  WILTON RANCHERIA,

4          Plaintiff,

5     v.

6  KENNETH L. SALAZAR, et al.,

7          Defendants.

8

9          Wilton Miwok Rancheria, its members, and the Me-Wuk Indian Community of the Wilton

10 Rancheria (collectively the "Tribe" or "Wilton Rancheria") and Dorothy Andrews (collectively

11 "Plaintiffs"), and Defendants, Kenneth L. Salazar, Secretary of the Interior, George T. Skibine, Deputy

12 Assistant Secretary – Economic Development and Policy of the Department of Interior, the United

13 States Department of the Interior, Kathleen Sebelius, Secretary of the Department of Health and

14 Human Services, and the United States Department of Health and Human Services or collectively

15 ("Defendants"), by and through their respective counsel, enter into the following Stipulation for the

16 purpose of reaching a compromise and final settlement of the claims alleged by said Plaintiffs in

17 *Wilton Miwok Rancheria et al. v. Kenneth L. Salazar et al.,* No. C-072681 JF, and *Me-Wuk Indian*

18 *Community of Wilton Rancheria v. Kenneth L. Salazar*, C-075706 JF.  The settling parties understand

19 that this stipulation shall provide the basis for entry of judgment by the Court which will serve to

20 implement, in an orderly and timely fashion, the substantive and procedural matters agreed to herein.

21 Accordingly, the parties stipulate and agree as follows:

22     1.     The Department of the Interior agrees that the Tribe was not lawfully terminated, and

23 the Rancheria's assets were not distributed, in accordance with the provisions of the Act of August 18,

24 1958, P.L. 85-671, 72 Stat. 619, as amended by the Act of August 11, 1964, P.L. 88-419, 78 Stat. 390

25 ("the Rancheria Act").

26     2.     The Department of the Interior agrees that within thirty (30) days of this Court's

27 approval of the entry of judgment pursuant to this Stipulation, the Assistant Secretary - Indian Affairs

28

1    of the Department of Interior ("Assistant Secretary"), shall transmit to the Federal Register for

2    publication a notice that states the Wilton Rancheria was not lawfully terminated and its assets were

3    not distributed in accordance with the provisions of the Rancheria Act, and that the Tribe is restored to

4    the status of a federally-recognized Indian Tribe.

5         3.      The Department of the Interior agrees to restore the Tribe to the status of a federally-

6    recognized Tribe.  The Department of Interior shall include the Tribe on the Department of the

7    Interior's list of federally-recognized tribes published annually in the Federal Register as required by

8    the Federally Recognized Indian Tribe List Act, 25 U.S.C. § 479a-1 and 25 C.F.R. § 83.5(a).  The

9    Tribe shall be a "restored Tribe" pursuant to 25 U.S.C. § 2719(b)(1)(B)(iii) and 25 C.F.R. § 292.10(c).

10   The Department of the Interior further agrees to advise the Commissioner of the Internal Revenue

11   Service and the State of California promptly that the Tribe has been restored to Federal recognition and

12   has been added to the list of federally recognized tribal entities.

13        4.      The Department of the Interior agrees that the Indian status of the persons named as

14   distributees in the distribution plan of the Rancheria attached as Exhibit A (the "Distribution Plan")

15   was not terminated in accordance with the Rancheria Act.

16        5.      The Department of the Interior agrees that the members of the Tribe shall have the

17   individual and collective status and rights that they formerly had as members of a federally-recognized

18   Indian tribe.  The Department of the Interior further agrees to deal with these individuals on the same

19   basis on which it deals with other Indians who are members of federally-recognized Indian tribes.  The

20   Department of Health and Human Services agrees to deal with the Wilton Rancheria and its members

21   on the same basis on which it deals with other newly recognized/restored Indian Tribes, in accordance

22   with applicable law and the policies of the Indian Health Service.

23        6.      Plaintiffs agree that the initial tribal organization of the Tribe shall be a General Council

24   consisting of all distributees and dependant members listed in the Distribution Plan, and all lineal

25   descendants of any distributees or dependent members.  The General Council shall elect an Interim

26   Tribal Council with the number of members determined by a majority vote, provided the size of the

27   Interim Tribal Council shall be an odd number no less than five and no greater than seven.  The Bureau

28

1    of Indian Affairs ("BIA") shall compile a list of General Council members who are eligible to

2    participate in the Interim Tribal Council election based upon information provided by the Tribe and its

3    members.  The Tribe and its members shall provide the BIA with evidence of eligibility to participate

4    in the Interim Tribal Council election, and the BIA shall verify eligibility of persons to participate in

5    the election as described in 25 C.F.R. § 61.9; provided that if affidavits are submitted as a basis for

6    eligibility, no less than three notarized affidavits must be submitted on behalf of that person, and each

7    shall be sworn under penalty of perjury in accordance with federal law.  The BIA shall call for the vote,

8    monitor the election and certify the election results of the Interim Tribal Council.  The Tribe shall,

9    consistent with federal law, have the right to determine its own membership and otherwise to govern its

10   internal and external affairs as a tribal entity.  The Interim Tribal Council shall develop the Tribal

11   Constitution that shall provide for membership criteria based on the Tribe's historical documentation,

12   which may include the Census documents of 1933/1935 and 1941.  The Tribe shall use the provisions

13   of the Indian Reorganization Act, 25 U.S.C. § 461 et seq., as guiding principles in its organization.

14            7.      The Department of the Interior agrees to accept in trust status any land within the

15   boundaries of the former Rancheria, as described in Exhibit B attached hereto (the "Rancheria"), fee

16   title to which:

17            a.      was, as a consequence of the termination of federal supervision of the Rancheria,

18                    deeded to the Consumnes River Indian Association or to a distributee named in the

19                    Distribution Plan; and

20

21            b.      is currently held either (i) by the Consumnes River Indian Association, (ii) by a

22                    distributee named in the Distribution Plan; or (iii) by a dependent of or Indian heir or

23                    successor-in-interest to a distributee named in the Distribution Plan, provided that such

24                    heir or successor-in-interest is an Indian member of the Tribe.

25            8.      The Department of the Interior agrees to take into trust any land within and/or

26   contiguous, as defined by 25 C.F.R. § 292.2, to the former boundaries of the Rancheria which is owned

27   by the Tribe.

28

                                                       4

9.      The Department of the Interior will process, pursuant to 25 C.F.R. Part 151, any applications for land into trust for any parcels of land acquired by the Tribe or an individual member of the Tribe.

10.     Land that is taken into trust within and/or contiguous, as defined by 25 C.F.R. § 292.2, to the former boundaries of the Rancheria for the benefit of the Tribe shall be considered "Indian country" as defined by 18 U.S.C. § 1151.  Upon application by the Tribe, the Assistant Secretary - Indian Affairs shall consider whether to declare such land a reservation pursuant to established procedures.  Land taken into trust for the benefit of the Tribe that is within or contiguous, as defined by 25 C.F.R. § 292.2, to the Rancheria shall be "restored land" as defined by 25 U.S.C. § 2719(b)(1)(B)(iii).  Other lands held in trust shall be evaluated according to regulations in effect at the time of the application, and nothing herein shall preclude such other lands from being deemed "restored lands."

11.     Nothing in this stipulation shall be construed to require the Secretary of the Interior to (a) accept into trust any land which has on it hazardous substances or contaminants contrary to applicable law; or (b) accept into trust any land which is subject to any adverse legal claims, including outstanding liens, mortgages, or taxes owed.

12.     The Department of the Interior will, following the execution of this Stipulation by counsel, assist the Tribe in preparing needs assessments for the Tribe.  The Department of the Interior will provide workshops within 90 days of the BIA certification of the Interim Tribal Council election to be conducted by a technical team comprised of representatives from the BIA.  The Department of the Interior commits to invite representatives of the Indian Health Service and the Department of Housing and Urban Development, for the purpose of providing needed technical assistance to the Tribe.  The scheduling and content of the workshops will be developed by the Department of the Interior in consultation with representatives from the Tribe and will be designed to provide, at a minimum, specific information regarding Federal programs available to Indian tribes, including the tribal contracting requirements of Public Law 93-638, and an overview of those Indian programs

1  available to meet the developmental needs of individual Indians.  The Department of the Interior shall

2  cover the costs of attendance at the workshops of the Tribe.

3         13.    Plaintiffs, in consideration of the above agreements by the Defendants, will:  (a) release

4  and forever discharge Defendants and the United States of America from and against any liability,

5  including attorneys' fees and costs, arising out of this litigation and settlement; (b) release and forever

6  discharge the Department of Health and Human Services from and against any and all claims arising

7  after the implementation of the Rancheria Act and prior to the Department of the Interior's restoration

8  of the Tribe's recognition pursuant to this settlement, including any claims for damages for health,

9  facilities, and ISDA funds it did not receive during that period; and (c) will dismiss with prejudice all

10 claims alleged herein against the Defendants, including any individual and tribal claims, arising out of

11 this litigation and settlement.

12 14.    Notwithstanding the dismissal of this action as set forth in paragraph 13, this Court shall retain

13 jurisdiction to determine, upon motion by the Tribe or the Defendants, whether any other Party has

14 materially violated terms of this Stipulation, and has not cured such violation promptly after receiving

15 notice from the moving Party pursuant to the procedures set forth in paragraph 15.  In any motion

16

17 pursuant to the terms of this paragraph and paragraph 15, the moving party shall bear the burden of

18 establishing a violation, and the non-moving Party shall bear the burden of establishing that any

19 violation did not materially affect compliance with the terms and conditions of this Stipulation.  If this

20 Court determines that any Party has materially violated this Stipulation, and has not promptly cured

21 such violation after receiving notice of such violation from the moving Party, the Court may order that

22 the action be reinstated.  Reinstatement of this action pursuant to this paragraph shall be the sole

23

24 remedy under this Stipulation, and no other remedies, including but not limited to contempt sanctions,

25 may be requested or ordered by the Court for any alleged breach of this Stipulation.  If this action is

26 reinstated, this Stipulation shall be rendered null and void, all pending obligations pursuant to this

27 Stipulation are immediately suspended and the Parties' legal claims and defenses shall be preserved in

28

full as if the action had not previously been dismissed. Notwithstanding the foregoing, reinstatement of this action shall have no effect on the Tribe's federally-recognized status which is effective upon the Department of the Interior's transmittal to the Federal Register for publication a notice that states the Wilton Rancheria was not lawfully terminated and its assets were not distributed in accordance with the provisions of the Rancheria Act, and that the Tribe is restored to the status of a federally-recognized Indian Tribe.

15.    In the event there is a dispute over compliance with any term or provision of this Stipulation, the Tribe and Defendants shall engage in informal dispute resolution procedures as set forth in this paragraph, prior to seeking judicial relief. The disputing Party shall notify the other Parties in writing, setting forth (a) the nature of the dispute, (b) the disputing Party's position with respect to the dispute, and (c) the information that the disputing Party is relying on to support its position. The Parties shall then meet and/or confer in good faith to attempt to resolve the dispute. If the Parties are unable to resolve the dispute within thirty days after the disputing Party has provided written notice of the dispute to the other Parties, the disputing Party may file a motion before this Court under paragraph 14 of this Stipulation for a determination that a Party materially violated this Stipulation and has not promptly cured such violation after receiving notice of such violation. The thirty day dispute resolution period may be shortened by agreement of the Parties, or upon emergency motion by the disputing Party demonstrating by a preponderance of the evidence that the disputing Party will be irreparably injured unless the dispute resolution period is shortened. At least three business days prior to bringing any such emergency motion, the disputing Party shall provide written notice of the dispute to other Parties. Any such emergency motion shall be on notice to all Parties.

16.    Defendants shall notify the Interim Tribal Council or governing body of the Tribe in writing when they believe that they have completed all of the obligations set forth in Paragraphs 2, 3, 6, 7, 8 and 12 of this Stipulation and that this Stipulation should be completed ("Notice of Completion"). If the Interim Tribal Council or governing body of the Tribe disagrees as to whether Defendants have completed all such obligations, it must invoke the dispute resolution procedures set forth in paragraph

15 within 60 days of receiving the Notice of Completion from Defendants.  If the dispute resolution procedures cannot resolve the dispute, the Tribe may file a motion pursuant to paragraph 14 alleging material noncompliance with the terms of this Stipulation no later than 60 days after the conclusion of the dispute resolution period.  This Stipulation shall be complete if (a) the Tribe does not invoke the dispute resolution procedures within 60 days after receiving the Notice of Completion from Defendants; (b) the Tribe does not file a motion pursuant to paragraph 14 of this Stipulation within 60 days after the conclusion of the dispute resolution period as set forth in paragraph 14; or (c) the Tribe files such a motion and it is denied by the Court and the Tribe exhausts all rights to appeal said denial.

Dated:  6/4 , 2009                          Respectfully submitted,

                                            KAZHE LAW GROUP PC
                                            CHRISTINA V. KAZHE
                                            ROSE M. WECKENMANN


                                            By:_____
                                                CHRISTINA V. KAZHE, Attorneys for Plaintiffs,
                                                WILTON MIWOK RANCHERIA,
                                                ITS MEMBERS and DOROTHY ANDREWS

Dated: ___, 2009                            ROSETTE & ASSOCIATES, PC



                                            By:_____
                                                ROBERT A. ROSETTE, Attorney for Plaintiff,
                                                ME-WUK INDIAN COMMUNITY OF THE
                                                WILTON RANCHERIA

Dated:  ___, 2009                           JOHN C. CRUDEN
                                            Acting Assistant Attorney General
                                            Environment and Natural Resources Division



                                            By:_____
                                                SARA E. COSTELLO, Attorneys for Defendants,
                                                KENNETH L. SALAZAR, SECRETARY OF
                                                THE INTERIOR, et al.

1  15 within 60 days of receiving the Notice of Completion from Defendants.  If the dispute resolution

2  procedures cannot resolve the dispute, the Tribe may file a motion pursuant to paragraph 14 alleging

3  material noncompliance with the terms of this Stipulation no later than 60 days after the conclusion of

4  the dispute resolution period.  This Stipulation shall be complete if (a) the Tribe does not invoke the

5  dispute resolution procedures within 60 days after receiving the Notice of Completion from

6  Defendants; (b) the Tribe does not file a motion pursuant to paragraph 14 of this Stipulation within 60

7  days after the conclusion of the dispute resolution period as set forth in paragraph 14; or (c) the Tribe

8  files such a motion and it is denied by the Court and the Tribe exhausts all rights to appeal said denial.

9  Dated: ___, 2009                              Respectfully submitted,

10                                               KAZHE LAW GROUP PC
                                                 CHRISTINA V. KAZHE
11                                               ROSE M. WECKENMANN

12

13                                               By:_____

14                                                    CHRISTINA V. KAZHE, Attorneys for Plaintiffs,
                                                      WILTON MIWOK RANCHERIA,
15                                                    ITS MEMBERS and DOROTHY ANDREWS

16  Dated: 6/4, 2009                             ROSETTE & ASSOCIATES, PC

17

18                                               By:_____

19                                                    ROBERT A. ROSETTE, Attorney for Plaintiff,
                                                      ME-WUK INDIAN COMMUNITY OF THE
20                                                    WILTON RANCHERIA

21  Dated: 6/3, 2009                             JOHN C. CRUDEN
                                                 Acting Assistant Attorney General
22                                               Environment and Natural Resources Division

23

24

25                                               By:__Sara E. Costello_____

26                                                    SARA E. COSTELLO, Attorneys for Defendants,
                                                      KENNETH L. SALAZAR, SECRETARY OF
27                                                    THE INTERIOR, et al.

28

STIPULATION FOR ENTRY OF JUDGMENT

1   Dated: 6/8, 2009              **JOSEPH P. RUSSONIELLO**

2                             **United States Attorney**

3

4                             By

5                             CHARLES O'CONNOR, Attorneys for Defendants, KENNETH L. SALAZAR, SECRETARY OF THE INTERIOR, et al.

6

7   Dated: ___, 2009             **LARRY ECHOHAWK**

8                             **Assistant Secretary – Indian Affairs**

9

10                          By:_____

11                             LARRY ECHO HAWK, Department of the Interior

12   Dated: ___, 2009             **DR. YVETTE ROUBIDEAUX**

13                             **Director**

                                   **Indian Health Service**

14

15                          By:_____

16                             DR. YVETTE ROUBIDEAUX, Director, Indian Health Service

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR ENTRY OF JUDGMENT

1

Dated: ____, 2009

**JOSEPH P. RUSSONIELLO**
**United States Attorney**

2

3

4

By:_____

5

CHARLES O'CONNOR, Attorneys for Defendants,
KENNETH L. SALAZAR, SECRETARY OF
THE INTERIOR, et al.

6

Dated: ____, 2009

**LARRY ECHOHAWK**
**Assistant Secretary – Indian Affairs**

7

8

9

By:_____

10

LARRY ECHO HAWK,
Department of the Interior

11

Dated: ____, 2009

**DR. YVETTE ROUBIDEAUX**
**Director**
**Indian Health Service**

12

13

14

15

By:_____

16

DR. YVETTE ROUBIDEAUX, Director,
Indian Health Service

17

18

19

20

21

22

23

24

25

26

27

28

9

1  Dated: ___, 2009

2

3

4

5

6

7  Dated: ___, 2009

8

9

10

11

12  Dated: ___, 2009

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOSEPH P. RUSSONIELLO**
**United States Attorney**

By:_____
     CHARLES O'CONNOR, Attorneys for Defendants,
     KENNETH L. SALAZAR, SECRETARY OF
     THE INTERIOR, et al.

**JERRY GIDNER**
**Director**
**Bureau of Indian Affairs**

By:_____
     JERRY GIDNER, Director,
     Bureau of Indian Affairs

**DR. YVETTE ROUBIDEAUX**
**Director**
**Indian Health Service**

By:_____
     DR. YVETTE ROUBIDEAUX, Director,
     Indian Health Service

9
STIPULATION FOR ENTRY OF JUDGMENT

**EXHIBIT A**

A PLAN FOR THE DISTRIBUTION OF THE ASSETS OF THE

WILTON RANCHERIA, ACCORDING TO THE PROVISIONS OF

PUBLIC LAW 85-671, ENACTED BY THE 85th CONGRESS,

APPROVED AUGUST 18, 1958

The Wilton Rancheria, 38 and 81/100 acres, is located north of the Wilton Post Office and general store, about twenty-four miles southeast of Sacramento, California, in Sacramento County.

The homesite area of the rancheria is located on high ground which is also adaptable for home consumption gardens. The northerly portion of the rancheria is lower than the homesite area and is subject to flooding during years of abnormally high runoff. A drainage ditch divides the high ground from the low ground.

An improved county road runs along one side of the rancheria with access to the Wilton Road directly in front of the rancheria. The road which provides access to the residences does not meet minimum specifications for Sacramento County and should be rebuilt.

The domestic water system is old and should be rehabilitated. The cost of the development of the present water system has been placed as a lien against the rancheria.

The outer boundaries of the rancherias have been surveyed and iron pipes set at various reference points. Interior surveys will be required.

The rancheria is organized under Section 16 of the Indian Reorganization Act of June 18, 1934, as the Me-Wuk Indian Community of the Wilton Rancheria, California. The constitution and by-laws

were approved January 16, 1936, and were subsequently amended on two different occasions. A charter was never issued to the group.

There are no Government-owned buildings on the rancheria.

There are no funds on deposit to the credit of the rancheria, either in an Individual Indian Money Account in the Area Office or in the United States Treasury.

The distributees listed in this plan are recognized as the only people of the rancheria who hold informal assignments and are entitled to share in the distribution of the property.

No minors will receive deeds in the distribution of the real estate and all adults participating are capable of handling their own affairs.

All distributees are fully advised of the opportunity to participate in the vocational training program afforded by the Bureau of Indian Affairs and no one has indicated any interest.

The Indians of the Wilton Rancheria desire termination of Federal trusteeship under the provisions of Public Law 85-671 and request that the Bureau of Indian Affairs undertake the following actions.

1. Provide assistance for the establishment of such legal entity as might be necessary to accept the conveyance of properties that are to be retained in common by the group.

2. Convey ownership of Lot No. 9 (area surrounding the water tank), Lot No. 12 (area to be set aside as a playground), and the water system to the distributees as owners-in-common or to a legal entity organized to accept them.

3. Make such surveys as are necessary to convey a merchantable and recordable title to each lot.

2

4.   Rehabilitate the present domestic water system by replacing
     all leaky, defective water pipes and providing water connec-
     tions to all occupied residences or other residences con-
     structed or in the course of construction and more than fifty
     percent completed within a ninety (90) day period after
     approval of this plan by the Indians of the Wilton Rancheria.

5.   Construct a road at the location shown on the attached map
     that will meet the minimum specifications of the Sacramento
     County Road Department and turn this road over to the County
     for operation and maintenance.

6.   Cancel all reimbursable indebtedness owing to the United
     States on account of unpaid construction and/or operation
     and maintenance charges for water facilities.

7.   Furnish each distributee with the approximate value of his
     lot at the time of conveyance.

8.   Revoke the constitution and by-laws of the Me-Wuk Indian
     Community of the Wilton Rancheria upon receipt of a financial
     statement from the group including a certificate that all the
     debts and obligations of the organization have been liquidated
     or adjusted and that all the assets of the organization have
     been or are simultaneously therewith conveyed to persons or
     corporations authorized to receive them.

9.   Convey to individual Indians according to this plan, and the
     map attached  hereto which is a part of this plan, unrestricted
     title to the following lands constituting the Wilton Rancheria,

3

subject to existing rights-of-way, easements or leases.

Lots 615, 616 and 617 of Central California Traction
Unit No. 7, according to the official plat thereof
filed in the Office of the Recorder of Sacramento
County, California, on May 11, 1912, in Book 13
of Maps, Map No. 20.

Title will also include such mineral and water rights as are
now vested in the United States.

The distributees who will receive title to particular lots and
the dependent members of their immediate families are:

| NAME | LOT NO. | RELATIONSHIP | BIRTHDATE | ADDRESS |
|------|---------|--------------|-----------|---------|
| Jane Brown | 1 | Distributee | 9-20-1922 | General Delivery Wilton, California |
| Donald L. Brown | | Son | 1-04-1949 | Same |
| Debra E. Brown | | Daughter | 2-17-1954 | Same |
| Archie G. Williams | 2 | Distributee | 10-08-1907 | General Delivery Wilton, California |
| Edith G. Williams | | Wife | 1-18-1912 | Same |
| Mildred Williams | | Daughter | 3-23-1941 | Same |
| Jerome J. Williams | | Son | 5-20-1942 | Same |
| Alfred E. Williams | | Son | 6-15-1943 | Same |
| Wilson R. Williams | | Son | 3-12-1945 | Same |
| Carol Mae Williams | | Daughter | 5-07-1946 | Same |
| Silvia Williams | | Daughter | 5-30-1947 | Same |
| Joanna Francis Williams | | Daughter | 11-13-1950 | Same |
| Eva Irish | 3 | Distributee | 1-28-1893 | General Delivery Wilton, California |
| Dorothy Andrews | 4 | Distributee | 8-16-1930 | 5734 Mascot Avenue Sacramento, California |
| Jacqueline V. Andrews | | Daughter | 2-02-1950 | Same |
| Anita D. Andrews | | Daughter | 7-01-1953 | Same |
| Beverly G. Andrews | | Daughter | 4-19-1955 | Same |
| Lawrence C. Andrews | | Son | 1-24-1951 | Same |

4

| NAME | LOT NO. | RELATIONSHIP | BIRTHDATE | ADDRESS |
|------|---------|--------------|-----------|---------|
| Ella Taylor | 5 | Joint Distributee | 4-15-1888 | General Delivery Wilton, Calif. |
| Arthur M. Taylor | | Joint Distributee | 4-26-1928 | General Delivery Wilton, Calif. |
| Annie McKean | 6 | Distributee | 7-04-1882 | General Delivery Wilton, Calif. |
| John McKean | 7 | Distributee | 6-21-1916 | General Delivery Wilton, Calif. |
| Ada Madrigal | 8 | Distributee | 4-15-1888 | General Delivery Wilton, Calif. |
| Community Property | 9 | .. | | |
| Gertrude Dupree | 10 | Distributee | 2-09-1892 | General Delivery Wilton, Calif. |
| Charles McKean, Jr. | 11 | Distributee | 12-06-1904 | P. O. Box 167 Wilton, Calif. |
| Bertha McKean | | Wife | 2-28-1914 | Same |
| Paul J. McKean | | Son | 7-24-1942 | Same |
| Lloyd J. McKean | | Son | 5-19-1944 | Same |
| Billie W. Daniels | | Stepson | 12-24-1942 | Same |
| Jimmie E. Daniels | | Stepson | 8-28-1944 | Same |
| Richard A. Daniels | | Stepson | 9-08-1945 | Same |
| Community Property | 12 | | | |
| Virgie Hatch | 13 | Distributee | 10-03-1901 | P. O. Box 84 Wilton, Calif. |

Upon approval of this plan or a revision thereof by the Secretary of the Interior and acceptance thereof by a majority of the adult Indian distributees, as provided in Section 2(b) of Public Law 85-671, the distributees and the dependent members of their immediate families listed in this plan shall be the final list of Indians entitled to participate in the distribution of the assets of the Wilton Rancheria, and the rights or beneficial interests in the property of each person whose name appears in this list

5

shall constitute vested property which may be inherited or bequeathed but shall not otherwise be subject to alienation or encumbrance before the transfer of title to such property.

After the assets of the Wilton Rancheria have been distributed pursuant to this plan and Public Law 85-671, the Indians who receive any part of such assets and the dependent members of their immediate families shall thereafter not be entitled to any of the services performed by the United States for those persons because of their status as Indians. All statutes of the United States which affect Indians because of their status as Indians shall not apply to them and the laws of the several states shall apply to them in the same manner as they apply to other citizens or persons within their jurisdiction. Nothing in this plan, however, shall affect the status of such persons as citizens of the United States.

All provisions of Public Law 85-671 shall be applicable in the execution of this plan and general notice of the contents shall be given by posting a copy of this plan in the post office at Wilton, Sacramento County, California, by posting a copy in a prominent place on the Wilton Rancheria, by mailing a copy to the head of each individual family participating in this plan and by mailing a copy to any person who advises the Sacramento Area Office that he feels that he may have a material interest in the plna.

This plan was prepared by the Area Director, Bureau of Indian Affairs, Sacramento Area Office, pursuant to the authority delegated on February 26, 1959, and after consultation with the Indians of the Wilton Rancheria.

| | |
|---|---|
| Approved, with authority retained to revise or change if appeals are received within 30 days after general notice to this plan is given. | Final approval given by Commissioner Of Indian Affairs September 11, 1959. |
| | Accepted by majority of distributees in a referendum. |
| /s/   H REX LEE | |
| | Effective date of plan is September 25, 1959. |
| Date _____ July 6, 1959 _____ | |

6



WILTON RANCHERIA

T.6 N., R.7 E. M.D.M.   SACRAMENTO COUNTY

PROPOSED DISTRIBUTION

Proposed Road ⎯⎯·⎯·⎯
Water tank  ✠
Fence  ⎯⎯·⎯⎯·⎯
Existing road  ========

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

Legal Description of Wilton Rancheria

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lots 1 through 13 as shown on the Map entitled, "Wilton Rancheria", recorded February 9, 1961 in Book 64 of Maps, Page 3, Sacramento County Records.